Filed 11/14/24  In re H.G. CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re H.G. et al., Persons Coming Under the Juvenile Court Law. | B330508 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | (Los Angeles County Super. Ct. No. 23CCJP01547A-B) |
| Plaintiff and Respondent, | |
| v. | |
| B.G.B., | |
| Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County, Lisa A. Brackelmanns, Judge Pro Tem.  Dismissed as moot.

Bonnie Whaley, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Sarah Vesecky, Senior Deputy County Counsel, for Plaintiff and Respondent.

_____

**MEMORANDUM OPINION[1]**

Mother, B.G.B., appeals from the juvenile court's jurisdictional findings and orders under section 300 relating to her children, H.G. and J.G. We dismiss the appeal as moot.

In February 2023, law enforcement was called twice to address altercations between mother and the children's father[2] at the family home. In March 2023, father was arrested for possession of a controlled substance. Later that month, H.G. called law enforcement to report a more severe domestic violence incident between her parents, and father was arrested. Mother declined an emergency protective order. When she spoke with the social worker, she minimized the prior incidents and the extent of father's alcohol and substance abuse. In April 2023, mother and father continued to have disputes.

In May 2023, the Los Angeles County Department of Children and Family Services (DCFS) filed a petition under

_____

[1] We resolve this case by memorandum opinion. (Cal. Stds. Jud. Admin., § 8.1.) We summarize the factual and procedural background because the parties are familiar with those details and our opinion is unpublished. (*People v. Garcia* (2002) 97 Cal.App.4th 847, 851.) Undesignated statutory references are to the Welfare and Institutions Code.

[2] Father did not appear in the juvenile court proceedings and is not a party to this appeal.

2

section 300 on H.G.'s and J.G.'s behalf, alleging the children were at risk of harm due to mother and father having a history of engaging in violent altercations in the presence of the children, father's substance abuse, and mother's failure to protect the children. In July 2023, the juvenile court sustained the petition, finding the allegations true under section 300, subdivision (b).[3] The juvenile court found, among other things, that mother continued to minimize father's issues and their impact on the children.

Mother argues substantial evidence does not support the finding that she failed to protect the children from father's violent conduct and substance abuse. In January 2024, after mother filed this appeal, the juvenile court terminated jurisdiction over the children and granted mother sole legal and physical custody.[4] DCFS argues that mother's appeal has been rendered moot as a result of the court's post-appeal orders.

"A case becomes moot when events "'render[ ] it impossible for [a] court, if it should decide the case in favor of plaintiff, to grant [plaintiff] any effect[ive] relief.'" [Citation.] For relief to be 'effective,' two requirements must be met. First, the plaintiff must complain of an ongoing harm. Second, the harm must be redressable or capable of being rectified by the outcome the plaintiff seeks." (*In re D.P.* (2023) 14 Cal.5th 266, 276 (*D.P.*).)

---

[3] The juvenile court dismissed an allegation under section 300, subdivision (a), that the children were at risk of suffering "harm inflicted nonaccidentally."

[4] We grant DCFS's request to take judicial notice of the juvenile court's post-appeal orders terminating jurisdiction and awarding mother sole custody.

Because the juvenile court terminated jurisdiction and issued a final custody order granting mother sole legal and physical custody, we can grant mother no effective relief. (See *In re N.S.* (2016) 245 Cal.App.4th 53, 61 [appeal moot where challenged jurisdictional findings were not the basis of any current adverse order to the parent].) Mother does not dispute this. She has filed a letter brief stating she does not oppose DCFS's request for judicial notice of the juvenile court's post-appeal orders, which support DCFS's position that mother's appeal is moot. Further, mother states she "will not be filing an opposition" to DCFS's respondent's brief.[5]

"Even when a case is moot, courts may exercise their 'inherent discretion' to reach the merits of the dispute." (*D.P.*, *supra*, 14 Cal.5th at p. 282.) *D.P.* discussed several non-exhaustive factors courts should consider when deciding whether to exercise discretionary review of a moot dependency appeal. (*Id.* at pp. 285–286.) Mother has not provided any reason for us to exercise our discretion to address the moot orders she

---

[5] Mother, in her opening brief, acknowledged her appeal was also moot based on the unchallenged jurisdictional findings against father. (*In re I.A.* (2011) 201 Cal.App.4th 1484, 1492 ["an appellate court may decline to address the evidentiary support for any remaining jurisdictional findings once a single finding has been found to be supported by the evidence"], overruled on another ground in *D.P.*, *supra*, 14 Cal.5th at p. 283.) Mother argued her challenges were then justiciable because they could impact these dependency proceedings, or future dependency or child custody proceedings, "involving H.G., J.G., or any other children [m]other may yet have in the future." These dependency proceedings have now been terminated with mother being awarded sole custody. Mother's concern future proceedings could be impacted by the findings is speculative. (*D.P.*, *supra*, 14 Cal.5th at p. 278.)

challenges.  She does not respond to DCFS's contentions that the challenged findings (1) are not based on "particularly pernicious or stigmatizing conduct" (*ibid.*) and (2) will be not prejudicial to her in future proceedings, as she was granted sole legal and physical custody.  After considering the factors set forth in *D.P.*, we decline to exercise our discretion to reach the merits of mother's moot appeal.

## DISPOSITION

The appeal is dismissed as moot.

MORI, J.

We concur:

CURREY, P. J.

**SIGGINS, J.

---

**     Retired Presiding Justice of the Court of Appeal, First Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5